IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOULDTEC, INC., ) | |
| ) | |
| Plaintiff and Counter-Defendant, ) | |
| ) | |
| v. ) | 12 C 4249 |
| ) | |
| ) | Judge Virginia M. Kendall |
| PAGTER & PARTNERS INTERNATIONAL ) | |
| B.V., ) | |
| ) | |
| Defendant and Counter-Claimant. ) | |

**MEMORANDUM OPINION AND ORDER**

Mouldtec, Inc. ("Mouldtec") sued Pagter & Partners International B.V. ("Pagter") and its affiliate Pagter Innovations, Inc. for a declaratory judgment that it does not infringe U.S. Patent No. 6,581,330 ("the '330 Patent") and that the '330 Patent is invalid. Pagter counterclaimed against Mouldtec for direct infringement, induced infringement, contributory infringement, and sought a finding of willful infringement. Mouldtec now moves to dismiss Pagter's amended counterclaims. For the reasons stated below, Mouldtec's motion is granted but Pagter is granted leave to amend its counterclaim to cure any defect within 14 days of the entry of this order.

**Statement of Facts**

When examining a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and construes all reasonable inferences in the light most favorable to the non-moving party. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The '330 Patent is titled "Packaging for cut flowers" and describes a system for packaging and transporting flowers. (See Counterclaim at ¶ 5; see also Exhibit A to First Amended Complaint, Dkt. No. 10). The '330 Patent

lists two inventors, Helsloot and Pagter, who assigned the patent to Pagter & Partners International, B.V. Mouldtec, also in the flower transport business, advertises "The Master Flower Storage System," a system for the "storage and transport" of flowers. (See First Amended Counterclaim at Exhibit B).[1] On information and belief, A&M Flower Growers, Inc., a company located in California, uses Mouldtec's promoted product. (*Id.* at ¶ 10-11). Not referenced in Pagter's counterclaim, but referenced in Mouldtec's complaint, on or about May 23, 2012 Pagter sent Mouldtec a cease and desist letter from Pagter regarding the '330 Patent. (First Amended Complaint at ¶ 13).

## Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law," so the Court applies Seventh Circuit precedent notwithstanding the patent-based nature of this suit. *See In re Bill of Lading Transmission and Processing Sys. Patent Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard of pleading required by Rule 8 does not rise to "detailed factual allegations" but must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

---

[1] There appears to be some confusion as to the appropriate name for the exhibit attached to the First Amended Counterclaim. It bears the mark "Exhibit B" yet it is the only exhibit attached to the First Amended Counterclaim. It is also referenced as "Exhibit A" in some of the pleadings. See, e.g., Response, Dkt. No. 35 at 3 ("[t]he advertising is attached as 'Exhibit A.'"). For the purposes of this motion, it shall be referred to as "Exhibit B." Pagter is advised to attach a copy of the patent as an exhibit to any amended counterclaim, as the counterclaim should stand independent of Mouldtec's Complaint it is not appropriate to merely incorporate by reference the exhibits attached to the Complaint.

2

U.S. at 570); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In short, under *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together ... the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404. If the allegations are insufficient to state a plausible claim for relief, the Court may dismiss the complaint. *Twombly*, 550 U.S. at 555-57. The Rules enable the Court to consider any exhibits attached to the pleading as "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

**Discussion**

*A. Induced Infringement*

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, --- U.S. ----, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011). "Inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *In re Bill of Lading*, 681 F.3d at 1339 (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Knowledge of infringement "necessarily includes the requirement that he or she knew of the patent." *DSU Med Corp.* 471 F.3d at 1034.

The First Amended Counterclaim does not allege that Mouldtec knew of the '330 Patent. Without alleging knowledge, Pagter's counterclaim fails to provide the necessary factual information

3

to state a claim. "Although 'knowledge' and 'intent' may be averred generally, our precedent ... requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. WalMart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). However, Mouldtec's declaratory judgment complaint is based on receipt of Pagter's cease and desist letter. In light of Mouldtec's acknowledgment of the letter in the Complaint, Pagter may be able to properly plead the element of Mouldtec's knowledge for a claim of induced infringement. *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1339 (Fed. Cir. 2004). Pagter's is given leave to amend the Counterclaim to cure the deficiency of having failed to plead Mouldtec's knowledge.

The First Amended Counterclaim suffers from the additional defect that it fails to state any factual allegations of specific intent. Pagter is by no means required to prove its case at the pleadings stage, but it must at a minimum allow reasonable and plausible inferences of specific intent to be drawn. *See In re Bill of Lading*, 681 F.3d at 1340 (discussing pleading standard for induced infringement). Other than attaching Exhibit B, Pagter makes no factual allegations about the product sold by Mouldtec, and make no attempt to draw any inference that Mouldtec had any specific intent to induce infringement. These bare allegations alone are not enough to survive a motion to dismiss. However, this defect, like those already addressed, may well be curable by amendment, and Pagter is given leave to do so.

B. *Contributory Infringement*

35 U.S.C. § 271(c) governs contributory infringement. 35 U.S.C. 271(c) states:

Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process,

4

constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C.A. § 271 (West)

Although not cited by either party,[2] recent Federal Circuit authority specifically addresses the elements required in order to plead a claim of contributory infringement. *In re Bill of Lading*, 681 F.3d at 1337. "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent." *Id.* (internal quotations omitted). Further, the Federal Circuit directed district courts "to analyze the facts plead in the amended complaints and all documents attached thereto with reference to the elements of a cause of action for contributory infringement to determine whether [the] claims of contributory infringement were in fact plausible." *Id.* Accordingly, Pagter's counterclaim is analyzed element by element.

Pagter's counterclaim properly alleges an "offer to sell." Papers attached to pleadings are construed with the pleading. Fed. R. Civ. P. 10(c). The advertisement attached to the Complaint demonstrates that Mouldtec was offering to sell the product, and that, on information and belief, third party A&M Fower Growers uses the products sold by Mouldtec. Pagter's counterclaim

---

[2] Mouldtec states *Golden Blount, Inc. v. Robert H. Peterson Co.* is the appropriate pleading standard to apply here. 365 F.3d 1054 (Fed. Cir. 2004). The court disagrees. In *Golden Blount*, the Federal Circuit reviewed the decision of a district following a bench trial, and recited the elements of a prima facie case of contributory infringement. In order to state a claim, a party need not recite all the elements of a *prima facie case*, just sufficient facts to make relief plausible on its face. See *Bell Atl. Corp. v. Twombly*, 550 U.S. at 569-70. In its four page response brief, Pagter does not challenge the standard set forth in *Golden Blount* and cites to no other cases for the proper standard.

properly alleges that Mouldtec's product indirectly infringes the '330 Patent. Pagter's counterclaim properly alleges that the products are similar based on the advertisement and Pagter's allegations. But, as with induced infringement above, Pagter fails to allege the element of Mouldtec's requisite knowledge. A party must allege the infringer knew the product was "especially made or especially adapted for use in an infringement of such patent." *In re Bill of Lading*, 681 F.3d at 1337. Finally, Pagter has failed to provide any factual allegation to support that there are "no substantial non-infringing uses" as required. As with induced infringement, both these deficiencies are likely technical in nature and are likely curable by following the direction provided by *In re Bill of Lading* and adding adding minimal detail about the use of the products as well as supplementing the currently pleaded facts with factual allegations already contained in Mouldtec's complaint

*C. Willful Infringement*

Willful infringement "requires at least a showing of objective recklessness." *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). In order to state a claim of willful infringement, a party must at minimum allege the infringer acted with knowledge. *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284 (Fed. Cir. 2007). In *Mitutoyo*, the Federal Circuit reviewed the district court's decision to dismiss for failure to sufficiently allege willfulness. *Id*. The complaint alleged "The acts of infringement by [Defendant] have occurred with full knowledge of [the patent at issue] and have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws." *Mitutoyo*, 499 F.3d at 1290 (emphasis added). The *Mitutoyo* court, applying 7th Circuit precedent, determined that the allegation was sufficient.

Pagter's counterclaim for willfulness fails to allege Mouldtec had knowledge of the '330 Patent. Without alleging knowledge on the part of Mouldtec, Pagter's Counterclaim does not state

a plausible claim for willfulness. But, the deficiency in this instance is quite technical, and for the same reasons already set forth with respect to both contributory and induced infringement it appears that Pagter can cure this defect through amendment.

**Conclusion**

As stated in each section above, Pagter's deficiencies in its counterclaims may be cured by appropriate allegations of knowledge based on facts already contained in the complaint. Courts freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Because of the technical nature of the errors, the Court grants Pagter leave to amend its pleadings.

The already lengthy (and growing) procedural history of this case is troubling. Each party is advised to carefully prepare their submissions to the Court to avoid other curable errors. Pagter's failure to allege knowledge and specific intent allowed Mouldtec to file the current motion to dismiss and the Court has no choice but to grant it. It remains Pagter's burden to allege sufficient facts to support its counterclaims and it cannot rely on the Court's ability to draw those inferences, including from other documents in the record. Pagter is urged to follow the recent guidance provided by *In re Bill of Lading* to plead its allegations properly. Additionally, the Court took judicial notice of the copy of the patent attached to Mouldtec's Complaint in deciding the instant motion. However, as a general matter, Pagter's Counterclaim should stand alone not rely on documents attached to Mouldtec's pleadings and exhibits. *See, e.g., Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1339 (5th Cir. 1996) ("Counterclaims are treated as separate suits and must independently comport with the trial court's jurisdiction.") In any amended Counterclaim for infringement filed by Pagter, Pagter should attach the copy of the patent as an exhibit thereto.

Mouldtec's Motion to Dismiss is granted. Pagter's First Amended Counterclaim is dismissed without prejudice. Pagter is granted leave to amend its pleading and file a Second Amended Counterclaim within 14 days of this order. Mouldtec must respond to the Second Amended Counterclaim within 14 days of the filing of the Second Amended Complaint.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 28, 2012