IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOULDTEC, INC, ) | |
| ) | Civil Action No.: 12-cv-4249 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge: Virginia M. Kendall |
| PAGTER & PARTNERS INTERNATIONAL ) | |
| B.V., and PAGTER INNOVATIONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| PAGTER & PARTNERS INTERNATIONAL, ) | |
| B.V., ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOULDTEC, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant. ) | |

**DECLARATION IN SUPPORT OF MOULDTEC'S BILL OF COSTS**

I, Matthew P. Becker, state as follows:

1. I am a shareholder of the law firm of Banner & Witcoff, Ltd., counsel for Plaintiff Mouldtec, Inc. ("MOULDTEC"). I make this affidavit in support of MOULDTEC's Bill of Costs, which is filed concurrently with this affidavit. Unless otherwise stated herein, I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2. On September 30, 2015, the Court granted MOULDTEC's motion for summary judgment of noninfringement of a United States Patent, dismissed MOULDTEC's motion for summary judgment as moot, terminated the case, and entered judgment in favor of

1

MOULDTEC. Thus, MOULDTEC's declaratory judgment claim of noninfringement and Defendants' counterclaims of infringement were disposed in MOULDTEC's favor, and MOULDTEC is the "prevailing party" entitled to the costs of this action under Federal Rule of Civil Procedure 54(d)(1).

3. In support of its rejected assertion that MOULDTEC's flower buckets infringed the patent-in-suit and that the patent-in-suit was not invalid, Defendants submitted the opinions of its retained expert, Dr. David Owen Kazmer. MOULDTEC deposed Dr. Kazmer on December 8, 2014, and Dr. Kazmer's testimony was cited in the summary judgment papers, including MOULDTEC's supporting memorandum of noninfringement and invalidity and replies, as well as Defendants' responses. The transcript and deposition of Dr. Kazmer was, therefore, "necessarily obtained for use in the case," within the meaning of 28 U.S.C. §1920(2).

4. To support its noninfringement and invalidity defenses and rebut the testimony of Defendants expert, MOULDTEC retained its own expert witness, John Von Holdt. Mr. Von Holdt was deposed by Defendants on December 18, 2014, and the transcript from his deposition was cited in the summary judgment of noninfringement papers, including Defendants response and MOULDTEC's reply. The transcript and deposition of Mr. Von Holdt was, therefore, "necessarily obtained for use in the case," within the meaning of 28 U.S.C. §1920(2).

5. The transcript from the deposition MOULDTEC employee, Richard Del Olmo, was cited in the parties' briefs related to Kimberly-Clark's motion for summary judgment of noninfringement. This transcripts were, therefore, "necessarily obtained for use in the case," within the meaning of 28 U.S.C. § 1920(2).

6. To prosecute its declaratory judgment claims of noninfringement and invalidity, Mouldtec noticed and took the Rule 30(b)(6) deposition on September 26 and 27, 2013 of the

Defendants on numerous topics, including topics related to Defendants' infringement and invalidity positions, as well as issues related to damages. Defendants designated the following witnesses for the Rule 30(b)(6) deposition: Loes Van Der Toolen (Rule 30(b)(6)) and Ruud Van Den Heijkant. Ms. Van Der Toolen and Mr. Van Den Hiejkant were also identified in Defendants' Rule 26(a)(1) disclosure as individuals likely to have discoverable information that Defendants may use to supports its claims or defenses. Although the transcripts from the deposition of Ms. Van Der Toolen and Mr. Van Den Hiejkant were not cited in either party's briefs filed in connection with MOULDTEC's summary judgment papers, MOULDTEC took these depositions on issues resolved by, or rendered moot, by the Court's grant of summary judgment. These transcripts were, therefore, "necessarily obtained for use in the case," within the meaning of 28 U.S.C. § 1920(2).

7. MOULDTEC incurred the following fees for the deposition transcripts necessarily obtained for use in the case:

Defendants Witnesses:

| **Deposition** | **Court Reporter Fees**[1] | **Transcript**[2] | **Total Cost** |
|---|---|---|---|
| David Kazmer, Ph. D. (12/8/2014) | $220 | Expedited (7 day) 143 pages @ $4.85 per page = $693.55<br><br>Copy 143 pages @$0.90 per page = $128.70 | $1042.25 |
| Loes Van Der Toolen (9/26/2013) | $220 | Original 183 pages @ $3.65 per page = $667.95 | $887.95 |

---

[1] Court reporter fees reflect the lesser of the maximum rate allowed under LR54.1(b) or the actual invoiced fee.
[2] Transcript costs reflect the lesser of the maximum transcripts rates posted by the Clerk of Court for the United States District Court for the Northern District of Illinois (http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm) or the actual invoiced transcript costs.

3

| **Deposition** | **Court Reporter Fees**[1] | **Transcript**[2] | **Total Cost** |
|---|---|---|---|
| Ruud Van Den Heijkant (9/26/2013) | $110 | Original 63 pages @ $3.65 per page = $229.95 | $339.95 |
| Ruud Van Den Heijkant (9/27/2013) | $110 | Original 146 pages @ $3.65 per page = $532.90 | $642.90 |

MOULDTEC's Witnesses:

| **Deposition** | **Court Reporter Fees**[3] | **Transcript**[4] | **Total Cost** |
|---|---|---|---|
| Richard Del Olmo | | Copy 190 pages @ $0.90 per page = $171.00 | $171.00 |
| John Von Holdt | | Copy 99 pages @ $0.90 per page = $89.10 | $89.10 |

Thus, the total amount incurred for court reporter fees and deposition transcripts listed in the table above is $3173.15. True and correct copies of invoices showing the associated costs are attached hereto as **Exhibit A.**

8. MOULDTEC incurred a $350 filing fee for bringing this declaratory judgment action as reflected in the docket for this case ECF#1 ("Filing Fee $350, receipt number 0752-7205175")

9. All the expenses itemized above were actually and necessarily incurred in this case. I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of October, 2015, in Chicago, Illinois.

/s/ Matthew P. Becker

---

[3] Court reporter fees reflect the lesser of the maximum rate allowed under LR54.1(b) or the actual invoiced fee.
[4] Transcript costs reflect the lesser of the maximum transcripts rates posted by the Clerk of Court for the United States District Court for the Northern District of Illinois or the actual invoiced fee. (http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm) or the actual invoiced transcript costs.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed using the Court's CM/ECF system on October 29, 2015. All counsel of record are deemed to have consented to electronic service are being served with a copy of this document via the Court's Electronic Case Filing System, which, pursuant to LR5.9, constitutes service under Fed. R. Civ. P. 5(b)(2)(D).

Patrick Arnold Jr.
David Z. Petty
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, IL 60661
parnold@mcandrews-ip.com
dpetty@mcandrews-ip.com

Attorneys for Defendants
Pagter & Partners Int'l, B.V. and Pagter Innovations, Inc.

/s/ Matthew P. Becker
Banner& Witcoff, Ltd.
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
T: (312) 463-5000
F: (312) 463-5001
mbecker@bannerwitcoff.com

*Attorney for Plaintiff/Counter-Defendant Mouldtec, Inc.*